UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 0:22-cv-60562-RS

XYZ CORPORATION,

    Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A,"

    Defendants.
_____/

**PLAINTIFF'S MOTION FOR LEAVE TO
TEMPORARILY PROCEED UNDER A PSEUDONYM**

Plaintiff, XYZ Corporation ("Plaintiff"), by its undersigned counsel, hereby files this Motion requesting leave to file this action, and temporarily proceed thereafter, under a pseudonym, until such time as Defendants are on notice of the action. In support thereof, Plaintiff respectfully refers the Court to the following Memorandum of Law:

**MEMORANDUM OF LAW**

**I.    EXCEPTIONAL CIRCUMSTANCES**

Unless Plaintiff is allowed to proceed under a pseudonym, Defendants will be able to discern which marks are at issue in the instant action and with this knowledge, will be capable of evading detection and prosecution for their disregard of United States intellectual property laws. Third-parties routinely work in concert with accused counterfeiters in an effort to facilitate evading enforcement efforts. One such third-party is an entity doing business as "Sellerdefense," a Chinese organization that monitors counterfeit enforcement lawsuits in this Judicial District. When

Sellerdefense observes a trademark-holder having filed a lawsuit they announce this activity on their website, posting the Complaint and all other public pleadings, and recommend that sellers cease their counterfeiting activity, liquidate their associated financial accounts, and change the payment processors that they currently use to accept payments in their online stores. Sellerdefense also helps counterfeiters against whom litigation has been initiated find defense attorneys and posts previous settlements accepted by Plaintiff law firms. Undersigned's law firm has recently been added to the Sellerdefense website.

List of 2020 Cases

| Prosecution time | Case number | Law firm | Brand |
|---|---|---|---|
| 2020/12/9 | 20-cv-25002 | THE BRICKELL IP GROUP, PLLC | MASHA AND THE BEAR (absent motion) (absent trial) |

List of 2021 Cases

| Prosecution time | Case number | Law firm | Brand |
|---|---|---|---|
| 2021/1/13 | 21-cv-20112 | THE BRICKELL IP GROUP, PLLC | Iced Earth (Trial in absentia) |
| 2021/2/23 | 21-cv-20744 | THE BRICKELL IP GROUP, PLLC | MASHA AND THE BEAR |
| 2021/3/8 | 21-cv-20916 | THE BRICKELL IP GROUP, PLLC | Scarlxrd |
| 2021/3/11 | 21-cv-20963 | THE BRICKELL IP GROUP, PLLC | Kareem Abdul-Jabbar |
| 2021/3/22 | 21-cv-21097 | THE BRICKELL IP GROUP, PLLC | Sahbabii |

| Date | Case No. | Plaintiff | Defendant |
|---|---|---|---|
| 2021/3/22 | 21-cv-21088 | THE BRICKELL IP GROUP, PLLC | MASHA AND THE BEAR |
| 2021/5/5 | 21-cv-1082 | THE BRICKELL IP GROUP, PLLC | Kareem Abdul-Jabbar |
| 2021/5/5 | 21-cv-60957 | THE BRICKELL IP GROUP, PLLC | XYZ Corporation |
| 2021/5/21 | 21-cv-61085 | THE BRICKELL IP GROUP, PLLC | XYZ Corporation |
| 2021/5/26 | 21-cv-61107 | THE BRICKELL IP GROUP, PLLC | Scarlxrd |
| 2021/6/1 | 21-cv-61144 | THE BRICKELL IP GROUP, PLLC | XYZ Corporation |
| 2021/6/11 | 21-cv-61230 | THE BRICKELL IP GROUP, PLLC | XYZ Corporation |
| 2021/6/17 | 21-cv-61267 | THE BRICKELL IP GROUP, PLLC | XYZ Corporation |
| 2021/6/22 | 21-cv-61279 | THE BRICKELL IP GROUP, PLLC | XYZ Corporation |
| 2021/6/22 | 21-cv-61278 | THE BRICKELL IP GROUP, PLLC | Sabaton Band (Trial in Absence) |
| 2021/6/22 | 21-cv-61277 | THE BRICKELL IP GROUP, PLLC | Sabaton Band (Trial in Absence) |
| 2021/6/22 | 21-cv-61276 | THE BRICKELL IP GROUP, PLLC | Sabaton Band (absent motion) |
| 2021/8/15 | 21-cv-61704 | THE BRICKELL IP GROUP, PLLC | MASHA AND THE BEAR (Motion for Absenteeism) |
| 2021/9/22 | 21-cv-61993 | THE BRICKELL IP GROUP, PLLC | MASHA AND THE BEAR |
| 2021/9/27 | 21-cv-62032 | THE BRICKELL IP GROUP, PLLC | Iced Earth |
| 2021/11/15 | 21-cv-62354 | THE BRICKELL IP GROUP, PLLC | XYZ Corporation |

3

| | | | |
|---|---|---|---|
| 2021/12/14 | 21-cv-62499 | THE BRICKELL IP GROUP, PLLC | Scarlxrd |
| 2021/12/14 | 21-cv-62498 | THE BRICKELL IP GROUP, PLLC | Soully Flying Band |
| 2021/12/14 | 21-cv-62497 | THE BRICKELL IP GROUP, PLLC | Sabaton Band |

List of 2022 Cases

| | | | |
|---|---|---|---|
| 22/3/10 | 22-cv-60517 | THE BRICKELL IP GROUP, PLLC | Sabaton Band |
| 22/2/23 | 22-cv-60412 | THE BRICKELL IP GROUP, PLLC | ? |
| 22/2/23 | 22-cv-60411 | THE BRICKELL IP GROUP, PLLC | ? |
| 22/2/10 | 22-cv-60316 | THE BRICKELL IP GROUP, PLLC | MASHA AND THE BEAR MASHA AND THE BEAR |
| 22/2/10 | 22-cv-60315 | THE BRICKELL IP GROUP, PLLC | DURAN DURAN Duran Duran Band |
| 22/2/9 | 22-cv-60314 | THE BRICKELL IP GROUP, PLLC | ? |
| 22/2/9 | 22-cv-60313 | THE BRICKELL IP GROUP, PLLC | ? |
| 22/2/9 | 22-cv-60312 | THE BRICKELL IP GROUP, PLLC | ? |
| 22/2/9 | 22-cv-60311 | THE BRICKELL IP GROUP, PLLC | ? |
| 22/2/4 | 22-cv-60271 | THE BRICKELL IP GROUP, PLLC | ? |

*See* https://sellerdefense.cn/allcase-2020/, https://sellerdefense.cn/allcase-2021/, https://sellerdefense.cn/allcase-2022/ and visited on March 16, 2022.

## II. INTRODUCTION

Plaintiff's complaint includes claims for trademark counterfeiting and infringement, false designation of origin under the Lanham Act, common law unfair competition; common law

trademark infringement pursuant to 15 U.S.C. §§ 1114, 1116, 1121, 1125(a), and 1125(d), and The All Writs Act, 28 U.S.C. § 1651(a); 15 U.S.C. § 1051 *et seq*. Plaintiff's *Ex Parte* Motion for Entry of Temporary Restraining Order, Preliminary Injunction, and Order Restraining Transfer of Assets ("Motion for TRO"), along with the accompanying supporting memorandum, declarations, and exhibits for each will be filed shortly.

In addition to proceeding under a pseudonym, Plaintiff intends to file the following documents under seal: (1) Schedule A to the Complaint[1] (which consists of a list of the e-commerce stores Defendants established via third-party marketplace websites and/or commercial Internet websites along with their seller identification names (the "Seller IDs")); and (2) Schedule C to the Declaration of Richard Guerra in Support of the Motion for TRO (which consists of representative web page captures from Defendants' Internet based e-commerce stores operating under the Seller IDs).

Sealing this portion of the file is necessary to prevent the Defendants from learning of these proceedings prior to the execution of the temporary restraining order. If Defendants were to learn of these proceedings prematurely, the likely result would be the destruction of relevant documentary evidence as well as the hiding and/or transferring of assets to foreign jurisdictions, which would frustrate the purpose of the underlying law and would interfere with this Court's power to grant relief. Once the temporary restraining order has been served on the relevant parties and the requested actions are taken, Plaintiff will move to unseal these documents.

Efforts of the nature discussed above, undertaken by Defendants alone and/or in concert with third-parties, severely diminishes the ability of trademark-holders and intellectual property

---

[1] Once the record is unsealed, Plaintiff will file an Amended Complaint, which will identify and include additional allegations regarding Plaintiff and Defendants, and which will identify the Plaintiff's Trademarks in the corresponding exhibit.

rights owners from securing redress for the injuries that they have sustained due to counterfeiting. Permitting Plaintiff to proceed anonymously will not prejudice Defendants. Once the Court has ruled upon Plaintiff's *ex parte* Motion for TRO, and Plaintiff subpoenas the third-party payment processors and online marketplaces instructing them to restrain the assets and suspend the Defendant Internet Stores, Defendants will be aware of Plaintiff's identity, at which time Plaintiff will add its name to the docket, and request that all previously sealed documents be unsealed.

### III.    ARGUMENT

It has been established that a party may seek an exception to the general requirement of open litigation by filing a motion to proceed under a pseudonym. Though the Federal Rules of Civil Procedure do not specifically authorize the use of a pseudonym by litigants, courts have allowed parties to proceed anonymously in exceptional circumstances. *See, e.g Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011); S. *Methodist. Univ. Ass'n. of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712 (5th Cir. 1979)[2]. Finding exceptional circumstances exist warranting such an exception, courts have recently allowed plaintiffs in similar trademark infringement cases to proceed anonymously. *See XYZ Corporation v. The Partnerships and Unincorporated Associations Identified on Schedule A*; Northern District of Illinois, Case No. 1:21-cv-00386; *XYZ Corporation v. The Partnerships and Unincorporated Associations Identified on Schedule A*; Northern District of Illinois, Case No. 1:20-cv-05251; *XYZ Corporation v. The Partnerships and Unincorporated Associations Identified on Schedule A*; Northern District of Illinois, Case No. 1:20-cv-07532; *XYZ Corporation v. The Partnerships and Unincorporated Associations Identified on Schedule A*; Northern District of Illinois, Case No. 1:20-cv-05251; *XYZ Corporation v. The*

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

*Partnerships and Unincorporated Associations Identified on Schedule A*; Northern District of Illinois, Case No. 1:20-cv-07480; *XYZ Corporation v. The Partnerships and Unincorporated Associations Identified on Schedule A*; Northern District of Illinois, Case No. 1:20-cv-07418; *XYZ Corporation v. The Partnerships and Unincorporated Associations Identified on Schedule A*; Northern District of Illinois, Case No. 1:20-cv-05251; *XYZ Corporation v. The Partnerships and Unincorporated Associations Identified on Schedule A*; Northern District of Illinois, Case No. 1:20-cv-07537; *XYZ Corporation v. The Partnerships and Unincorporated Associations Identified on Schedule A*; Northern District of Illinois, Case No. 1:20-cv-05251; *XYZ Corporation v. The Partnerships and Unincorporated Associations Identified on Schedule A*; Northern District of Illinois, Case No. 1:20-cv-07357; *XYZ Corporation v. The Partnerships and Unincorporated Associations Identified on Schedule A*; Northern District of Illinois, Case No. 1:20-cv-07307; *XYZ Corporation v. The Partnerships and Unincorporated Associations Identified on Schedule A*; Northern District of Illinois, Case No. 1:20-cv-07258; *XYZ Corporation v. The Partnerships and Unincorporated Associations Identified on Schedule A*; Northern District of Illinois, Case No. 1:20-cv-07229.

  Here, exceptional circumstances likewise warrant permitting Plaintiff to proceed anonymously. If Plaintiff's identity is known, Defendants will undertake activity designed to frustrate Plaintiff's efforts to prosecute this action and collect any potential judgment entered against the Defendants. This assertion is based upon Plaintiff's counsel's previous and current experience in cases involving analogous facts. Specifically, such activity will likely include, without limitation, Defendants: (a) blocking access to their sites in the United States so that trademark-holders are unable to view the Defendants online postings and, therefore, unable to gather important evidence; (b) closing their Defendant Internet Stores and opening up new online

stores with new registration and account information in order to evade the action; and (c) transferring assets from their financial accounts, closing those accounts, and reopening new financial accounts so as to avoid asset restraints, leaving Plaintiff without remedy.

## IV. CONCLUSION

For these reasons, Plaintiff respectfully requests that it be permitted to proceed with this action under a pseudonym[3], at least until such time as the Defendant Internet Stores and financial

---

[3] This Court has previously granted the type of relief sought herein. *See* Order On Motion to Proceed Under Psudonym, dated May 10, 2021 (ECF No. 9), in the case of *XYZ Corporation v. The Individuals, Partnerships, and Unincorporated Associations Identified on Schedule A*, Case No.: 0:21-cv-60957-AHS; Order Granting Plaintiff's Motion for Leave to Temporarily Proceed Under a Psudonym, dated June 3, 2021 (ECF No. 9), in the case of *XYZ Corporation v. The Individuals, Partnerships, and Unincorporated Associations Identified on Schedule A*, Case No.: 0:21-cv-61085-RAR; Order dated June 16, 2021 (ECF No. 6), in the case of *XYZ Corporation v. The Individuals, Partnerships, and Unincorporated Associations Identified on Schedule A*, Case No.: 0:21-cv-61214-WPD; Order on Motion to Proceed Under Pseudonym, dated June 22, 2021 (ECF No. 6), in the case of *XYZ Corporation v. The Individuals, Partnerships, and Unincorporated Associations Identified on Schedule A*, Case No.: 0:21-cv-61267-AHS.; Order, dated June 24, 2021 (ECF No. 5), in the case of *XYZ Corporation v. The Individuals, Partnerships, and Unincorporated Associations Identified on Schedule A*, Case No.: 0:21-cv-61276-WPD;  Order, dated June 24, 2021 (ECF No. 5), in the case of *XYZ Corporation v. The Individuals, Partnerships, and Unincorporated Associations Identified on Schedule A*, Case No.: 0:21-cv-61278-WPD; Order on Motion to Proceed Under Pseudonym, dated June 23, 2021 (ECF No. 6), in the case of *XYZ Corporation v. The Individuals, Partnerships, and Unincorporated Associations Identified on Schedule A*, Case No.: 0:21-cv-61279-AHS; Order, dated June 24, 2021 (ECF No. 8), in the case of *XYZ Corporation v. The Individuals, Partnerships, and Unincorporated Associations Identified on Schedule A*, Case No.: 0:21-cv-61230-RS; Order, dated June 28, 2021 (ECF No. 5), in the case of *XYZ Corporation v. The Individuals, Partnerships, and Unincorporated Associations Identified on Schedule A*, Case No.: 0:21-cv-61277-RAR; Order, dated November 18, 2021 (ECF No. 5), in the case of *XYZ Corporation v. The Individuals, Partnerships, and Unincorporated Associations Identified on Schedule A*, Case No.: 0:21-cv-62354-WPD; Order Granting Plaintiff's Motion for Leave to Temporarily Proceed Under a Pseudonym, dated February 11, 2022 (ECF No. 5), in the case of *XYZ Corporation v. The Individuals, Partnerships, and Unincorporated Associations Identified on Schedule A*, Case No.: 0:22-cv-60311-RAR, Order, dated February 11, 2022 (ECF No. 5), in the case of *XYZ Corporation v. The Individuals, Partnerships, and Unincorporated Associations Identified on Schedule A*, Case No.: 0:22-cv-60312-WPD, Order on Motion to Temporarily Proceed Under a Pseudonym, dated February 11, 2022 (ECF No. 6), in the case of *XYZ Corporation v. The Individuals, Partnerships, and Unincorporated Associations Identified on Schedule A*, Case No.: 0:22-cv-60313-BB, Order Granting Plaintiff's Motion for Leave to Temporarily Proceed Under a Pseudonym, dated February 10, 2022 (ECF No. 5), in the case of *XYZ Corporation v. The Individuals, Partnerships, and Unincorporated Associations Identified on*

accounts can be restrained, in order to further mitigate the risk of Defendants attempting to evade Plaintiff's present anti-counterfeiting efforts.

Date:   March 16, 2022

Respectfully submitted by,

THE BRICKELL IP GROUP, PLLC
1101 Brickell Avenue
South Tower, Suite 800
Miami FL, 33131
Tel: 305-728-8831
Fax: 305-428-2450

*/s/ Nicole Fundora*_____
Richard Guerra
Fla. Bar No. 689521
Email: rguerra@brickellip.com
Nicole Fundora
Fla. Bar No. 1010231
Email: nfundora@brickellip.com

*Counsel for Plaintiff*

---

*Schedule A*, Case No.: 0:22-cv-60314-RAR, Order, dated February 23, 2022 (ECF No. 8), in the case of *XYZ Corporation v. The Individuals, Partnerships, and Unincorporated Associations Identified on Schedule A*, Case No.: 0:22-cv-60315-RKA; and Order, dated March 4, 2022 (ECF No. 7), in the case of *XYZ Corporation v. The Individuals, Partnerships, and Unincorporated Associations Identified on Schedule A*, Case No.: 0:22-cv-60411-AHS.